**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Dimonique Gibbs, individually; A.L.G., a minor (August 30, 2013), by and through his natural parent Dimonique Gibbs; A.G., a minor (July 15, 2016), by and through her natural parent Dimonique Gibbs; J.E., a minor, (April 22, 2008), by and through her natural parent Dimonique Gibbs,<br><br>Plaintiffs,<br><br>vs.<br><br>Bonnie Lyn Gutweiler, individually, Heding Truck Service, Inc., a Domestic Business, DOES I through X, and ROE Corporations I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-01896-JCM-MDC<br><br>ORDER RE: JOINT STIPULATION REGARDING DISCOVERY DISPUTE (ECF No. 51) |

The Court has reviewed the parties' *Joint Stipulation Regarding Discovery Dispute* (ECF No. 51) ("Stipulation"), filed in compliance with the Court's 08/21/24 Standing Order (ECF No. 38). The Stipulation sets forth the parties' disputes over seven topics identified in plaintiff's FRCP 30(b)(6) deposition notice of defendant Heding Truck service, Inc. ("Heding"). In sum, plaintiffs request the court to compel Heding's FRCP 30(b)(6) designee/s to prepare and respond to those topics. Having reviewed the parties' positions, the Court **GRANTS IN PART** and **DENIES IN PART** the requests plaintiffs seek to compel as follows:

        **Topic No. 1**: GRANTED as set forth *infra*.

        **Topic No. 3**: DENIED as set forth *infra*.

        **Topic No. 15**: GRANTED as set forth *infra*.

        **Topic No. 33**: GRANTED as set forth *infra*.

1      **Topic No. 34:** GRANTED as set forth *infra*.

2      **Topic No. 42**: DENIED as set forth *infra*.

3      **Topic No. 43**: DENIED as set forth *infra*.

## I. BACKGROUND

This personal injury action arises from a November 18, 2021, vehicular collision. Plaintiff Dimonique Gibbs ("Gibbs") alleges that, on that day, she and her children, co-plaintiffs A.L.G., A.G., and J.E, were rearended by a semi-truck operated by defendant Bonnie Lynn Gutweiler ("Gutweiler"). Plaintiff further alleges that defendant Gutweiler was in the course and scope of her employment with defendant Heding Truck Service, Inc. ("Heding").

Plaintiff asserts the following six claims: (1) negligence; (2) vicarious liability against Heding for Gutweiler's negligence: (3) negligent hiring, supervision, and training against Heding; (4) Negligent entrustment; (5) negligence per se; and (6) gross negligence. *See* Complaint at ECF No. 1-1. The discovery dispute between the parties arises from the deposition topics discussed below, which plaintiffs identified in their FRCP 30(b)(6) deposition notice to defendant Heding.

## II. DISCUSSION

### A. Legal Standards

Pursuant the Court's 08/21/24 Standing Order (ECF No. 38) and FRCP 37(a)(3), the Court may compel answers to deposition questions or topics. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." *See* FRCP 26(b)(1). However, the "court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Among other things, the Court considers the proportionality of discovery by weighing: "[1] the importance of the issues at stake in action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* FRCP 26(b)(1). Moreover, the Federal Rules of Civil Procedure, "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FRCP 1.

A party seeking to compel discovery has the burden of supporting its requests with meaningfully developed legal arguments and specific case law." *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2021 WL 933240, at *1 (D. Nev. Jan. 28, 2021). The party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2 (D. Nev. July 18, 2017) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied. *Linksmart Wireless Tech.,* 2021 WL 933240, at *1. Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (citing *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

**B.  Analysis**

The Court addresses and rules on each disputed Rule 30(b)(6) topic as follows:

> **Topic 1**: Defendant Heding Truck Service, Inc. corporate representative regarding the factual basis (including all documents, dates, opinions, or other tangible evidence) for any contentions, claims, or defenses, affirmative or otherwise being asserted by Defendants as to Plaintiffs or any other person or party.

Heding argues this topic is premature because defendants are still gathering medical records and this topic should be explored only after expert disclosures are made. Heding also objects that this topic calls for attorney-work product. Plaintiff argues this topic is relevant and necessary to prepare initial expert reports.

Heding's objections are OVERRULED, and its Rule 30(b)(6) designee/s is compelled to prepare for and respond to this topic. There is no dispute Topic 1 is relevant or that Heding's Rule 30(b)(6) designee/s cannot prepare for and respond to questions based on the medical records that have been

produced to Heding. The Court also finds more persuasive plaintiff's argument that the facts elicited by this topic are necessary to prepare initial expert disclosures. Finally, Heding's conclusory attorney-work product is insufficient and unpersuasive. Attorney-work product objections must be supported with authority and on a factual basis.

> The party asserting the work-product rule has the burden of establishing, for each document, the rule's application…. This burden is met by submitting detailed affidavits sufficient to show that precise facts exist to support the immunity claim….The asserting party will usually also provide a privilege log describing the documents it claims to be protected. This log alone, however, is often inadequate to conduct the necessary analysis….

*Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691, 698–99 (D. Nev. 1994) (internal citations omitted).

> **Topic 3**: Heding Truck Service, Inc.'s compliance with 49 C.F.R. §§350 to 399, 49 U.S.C.A 311 et seq., including, but not limited to § 31135, § 31137, and § 31144, 49 U.S.C.A 315 et seq., including but not limited to § 31502; and 49 C.F.R. Chapter III(B), et seq., including but not limited to § 395.3 and § 395.8.

Heding objects to this topic as unreasonably broad and not proportional. It argues that the regulations cover hundreds of pages of varying matters and interpretation. Plaintiff argues that these regulations address the obligations relevant to determining defendants' statutory duties and the reasonableness of their conduct. While this topic appears to be relevant to plaintiff's negligence per se claim, neither plaintiff's Complaint (ECF No. 1-1) nor Topic 3 identifies any one specific regulation. Instead, Topic 3 identifies an entire regulatory scheme. This is not reasonable. *See e.g., Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. 2:18-CV-06825-SB-RAO, 2021 WL 6104175 (C.D. Cal. Dec. 3, 2021):

> [C]ourts consistently reject negligence per se claims that fail to specify the specific statute, ordinance, or regulation in support of their claim… Here, Plaintiff recited entire statutes (rather than specific provisions)—such as 33 U.S.C. § 1251 et seq. and California Health and Safety Code § 25100 et seq.—which does not provide sufficient notice to Defendant of the basis for Plaintiff's negligence per se theory.

*Id.,* 2021 WL 6104175, at *2 (internal citations and quotations omitted).

Therefore, Topic No. 3 is not proportional, and Heding's objection is SUSTAINED. Heding's Rule 30(b)(6) designee/s is not required to prepare for and respond to this topic.

The Court addresses the following topics together:

> **Topic 15**: Identification, discussion, and production of all reports made by Heding Truck Service, Inc. and its employees and agents concerning this crash, and those employee's identities. If a privilege is claimed, have the privileged documents present to discuss non-privileged information that may be shown.
>
> **Topic 33**: Any incident report prepared regarding the subject collision, including all documents and materials considered, reviewed and/or generated by any accident review board or supervisor/manager in connection with the subject collision. Additionally, all documents regarding communication, including emails, sent and/or received by the Dispatch Department, Safety Department, Claims Department and/or Insurance Department regarding the subject collision.

Heding objects to both topics by asserting a general "privilege." Heding, however, does not expressly identify, discuss, or support either an attorney-client or work-product privilege. Again, conclusory claims of "privilege" do not suffice. *Diamond State Ins. Co.,* 157 F.R.D. at 698–99. Accordingly, Heding's objection is OVERRULED, and its Rule 30(b)(6) designee/s is compelled to prepare for and respond to Topics 15 and 33. The Court's ruling is limited to the context of the parties' Stipulation (ECF No. 51) which only addresses the deposition topics in general. Heding is thus, not precluded or prohibited from asserting attorney-client communication or work-product material objections during the Rule 30(b)(6) deposition, should specific questions calling for such disclosure arise and the parties are not able to narrow such question or otherwise resolve the dispute after attempting in good faith. On that note, the Court reminds the parties that a good faith meet and confer requires the parties to make a sincere effort to meaningfully assess the relative strengths and weaknesses of their respective positions and not simply argue one's position until the other capitulates. *Nevada*

*Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D.Nev.1993) (a sincere effort to resolve a dispute requires the parties to meaningfully assess the relative strengths and weaknesses of its position).

> **Topic 34**: Insurance coverage available for the losses sustained in this case (including self-insured retention, liability, umbrella and excess) and all reservation of rights letters sent by any insurer to you in connection with the crash.

Heding objects on the grounds it has previously disclosed the information sought by Topic 34 in answers to interrogatories and by producing the insurance policy. There is no dispute that the information sought by Topic 34 is relevant. Heding provides no authority for its objection and has not met its heavy burden in resisting discovery. *See Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2; *Linksmart Wireless Tech.*, 2021 WL 933240, at *1; *Chubb Integrated Sys. Ltd.*, 103 F.R.D. at 58. Accordingly, Heding's objection is OVERRULED, and its Rule 30(b)(6) designee/s is compelled to prepare for and respond to Topic 34.

> **Topic 42**: All documents of travel by Bonnie Lynn Gutweiler on November 18, 2021, and the six (6) months preceding the subject collision, including but not limited to the following: bills of lading, receipts, proof of delivery, freight bills, line haul documents, trip reports, dispatch records, fuel receipts, fuel billings, fuel cards, expense reports, reimbursement records, hotel receipts, meal receipts, etc.

Heding objects on the grounds of relevance and proportionality because the parties agree that there was no evidence that defendant Gutweiler was driving in excess of her allowed hours for the day if the accident or for the proceeding seven days. Plaintiffs argue that the information sought is relevant to determine whether Heding had notice of that defendant Gutweiler was an unsafe or dangerous driver. The Court finds that the relevancy of many of the items included in Topic 42 is not apparent and plaintiffs failed to establish relevancy. *See Scott v. Cox*, No. 17-cv-00702-JAD-BNW, 2022 WL 157815, at *2 (D. Nev. Jan. 18, 2022) ("[I]f the relevance of the discovery sought is not apparent, then the party seeking discovery bears the burden of establishing the relevance of the request."). For example, Plaintiffs fail to show how bills of lading, receipts, proof of delivery, freight bills, fuel receipts,

fuel billings, fuel cards, expense reports, reimbursement records, hotel receipts, meal receipts demonstrate notice and foreseeability regarding plaintiffs' claims.

Accordingly, Heding's objection is SUSTAINED, and its Rule 30(b)(6) designee/s is not required to prepare for and respond to Topic 42.

> **Topic 43**: The existence and location of all documents and/or electronically stored data required by the Federal Motor Carrier Safety Regulations regarding record keeping to be created, obtained, or saved by Heding Truck Service, Inc. Including but not limited to logbooks, time sheets, audits, trip receipts, tolls, phone calls, phone records, credit card receipts and electronic data.

Heding interprets Topic 43 to request information about Heding's document preservation obligations.  Heding argues that none of the items called for in Topic 43 are on the list of items to be preserved by the Federal Motor Carrier Safety Regulations.   Plaintiff did not respond to, or otherwise challenge, Heding's objection.  Therefore, Heding's objection is SUSTAINED, and its Rule 30(b)(6) designee/s is not required to prepare for and respond to Topic 43.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiffs requests to compel set forth in the Stipulation (ECF No. 51) are GRANTED-IN-PART as to deposition Topics 1, 15, 33, and 34.  Heding's Rule 30(b)(6) designee/s is compelled to prepare for and respond to these topics.

**IT IS FURTHER ORDERED** that plaintiffs requests to compel set forth in the Stipulation (ECF No. 51) are DENIED-IN-PART as to deposition Topics 3, 42, and 43. Heding's Rule 30(b)(6) designee/s is not required to prepare for and respond to these topics.

**IT IS SO ORDERED**

Dated:  January 17, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge