UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dimonique Gibbs,

            Plaintiff,

vs.

Bonnie Lynn Gutweiler, et al.,

            Defendants.

2:23-cv-01896-JCM-MDC

ORDER GRANTING MOTION TO AMEND (ECF No. 57)

Pending before the Court is defendant's *Motion to Amend Answer* (ECF No. 57). For the reasons stated below, the Court GRANTS the motion.

## DISCUSSION

**I. BACKGROUND**

This is a case arising from a motor vehicle accident. Plaintiff Dimonique Gibbs was rear ended by semi-truck driven by defendant Bonnie Lynn Gutweiler. At the time of the incident, defendant Gutweiler was an employee of co-defendant Heding Truck Service, Inc. The parties participated in discovery and Ms. Gutweiler was deposed on September 24, 2024. *ECF No. 57 at 2*. At the deposition, Ms. Gutweiler admitted responsibility for the accident. *Id.* Defendants seek to amend their answers to conform to the deposition testimony.

**II. LEGAL STANDARD**

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue

delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain,*, 754 F.3d at 1154 (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

**III. ANALYSIS**

Plaintiff does not argue bad faith, undue delay, or futility of amendment. Therefore, the Court neither finds nor construes any such arguments. Furthermore, this is defendants' first time seeking to amend their answers, which weighs in favor of amendment. The only *Foman* factor parties disagree on is whether the amendment will prejudice plaintiff.

Among the five factors, "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capita, LLC,* 316 F.3d at 1052. Plaintiff argues that defendant Gutweiler's "motion and proposed amended answer does not clearly admit liability and thus is too unclear, vague and ambiguous to grant as it will prejudice plaintiff." *ECF No. 58 at 4.* However, plaintiff fails to provide and points and authorities in support of her opposition. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *see also* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Specifically, plaintiff fails to cite any cases that support plaintiff's position that potentially "vague or ambiguous" amendments cause *undue* prejudice such that denial of

amendment is warranted. *See Underwood v. O'Reilly Auto Enter., LLC*, 342 F.R.D. 338, 343 ("[I]t is undue prejudice that warrant denial of leave to amend…Hence, non-movant must show 'substantial prejudice or substantial negative effect' if the amendment is allowed."). Plaintiff has failed to meet that burden. Therefore, applying the Ninth Circuit's extreme liberality application, the Court will allow amendment.

**IV. CONCLUSION**

Plaintiff does not argue bad faith, undue delay, or futility of amendment. Plaintiff only argues prejudice from amendment. Although plaintiff does raise their concerns with Rule 11 violations, the Court will not address those as they are not yet before the Court. Therefore, since plaintiff failed to provide points and authorities in support of their prejudice argument, the Court finds amendment is proper.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Amend Answer* (ECF No. 57) is GRANTED.

2. Defendants shall file their amended answer by no later than **May 6, 2025.**

DATED this 1st day of May 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge