UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMONIQUE GIBBS, individually<br><br>　　　　　　　　　　　Plaintiffs,<br><br>VS.<br><br>BONNIE LYN GUTWEILER, INDIVIDUALLY, HEDING TRUCK SERVICE, INC., A DOMESTIC BUSINESS, DOES I THROUGH X, AND ROE CORPORATIONS I THROUGH X, INCLUSIVE,<br><br>　　　　　　　　　　　Defendants. | CASE NO.: 2:23-cv-01896-JCM-MDC<br><br>**ORDER REGARDING DISCOVERY DISPUTE STIPULATOINS Nos. 69 & 70** |

The Court has reviewed the parties *Stipulations Regarding Discovery Disputes* at ECF Nos. 69 and 70. The stipulations concern a scheduling dispute over the Fed. R. Civ. P. 30(b)(6) designee/s of defendant Heding Truck Service, Inc. ("Heding") and defendants' retention of Zoran Maric, MD to perform an Fed. R. Civ. P. 35 evaluation of plaintiff. The Court resolves the parties' disputes as follows:

**I.     Plaintiff's Objection To Zoran Maric, MD Is Overruled (ECF No. 69)**

Plaintiff objects to the defendants' retention of Zoran Maric, MD to perform an Fed. R. Civ. P. 35 evaluation of plaintiff because plaintiff claims Dr. Maric is biased. The party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2 (D. Nev. July 18, 2017)(*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied. *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2021 WL 933240, at *1 (D. Nev. Jan. 28, 2021). Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (*citing F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion."

*Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).  Plaintiff does not meet her heavy burden.

Plaintiff's objection is bereft of any support.  Plaintiff offers no authority for the proposition that a party should be denied discovery or its choice of medical professional in conducting a Rule 35 examination.  Moreover, plaintiff's generalized, conclusory, and speculative bias objection may be an evidentiary issue, but plaintiff fails to show bias is grounds to preclude discovery under Rule 35.  *See Fed. R. Civ. P. 35* (no language precluding examiner on the grounds of bias).  More specifically, as defendants state in the Stipulation (ECF No. 69), this district has previously recognized that courts routinely reject similar arguments. *See Kolas v. Wal-Mart Stores Inc.*, No. 2:17-CV-01597-APG-NJK, 2018 WL 2271220, at *1 (D. Nev. Jan. 4, 2018)( "Generalized assertions of bias are routinely rejected as insufficient grounds to disqualify a physician from conducting an independent medical examination.")(*citing Baker v. Dexter*, 2015 WL 3764934, at *2 (D. Nev. June 15, 2015)).  Not only does plaintiff fail to support her position, but she also fails to address *Kolas* altogether.  Accordingly, plaintiff's objection to defendant's designation of Zoran Maric, MD to perform an Fed. R. Civ. P. 35 evaluation of plaintiff is overruled.

**II.    Defendant Heding Shall Produce Its Rule 30(b)(6) Designee/s For Deposition By June 22, 2025 (ECF No. 70)**

Preliminarily, the parties' seeming inability to resolve scheduling plaintiff's deposition of Heding's Rule 30(b)(6) designee/s is unreasonable and suggests that counsel did not earnestly meet and confer.  Counsel have an obligation to meaningfully, substantively, and in good faith, meet and confer to discuss each discovery request.  *Las Vegas Skydiving Adventures LLC v. Groupon, Inc*., 2020 U.S. Dist. LEXIS 191754, *4 (D. NV. October 16, 2020).  The parties' Stipulation (ECF No. 70) appears to be an inefficient use of the parties' and Court's resources.  Ultimately, both parties effectively propose extending the plaintiff's expert disclosure deadline to accommodate scheduling plaintiff's deposition of Heding's Rule 30(b)(6) designee/s:

     **V) Proposal of Compromise or Resolution of the Disputed Discovery**
      **A) Defendants' position**: The compromise that the defendants offer is this—If the delay in taking the deposition causes any prejudice to the plaintiff, the defense will be willing to give plaintiff an extension of time to file any expert report which may be affected. The deadlines will remain in effect for the defendants' experts.
      **B) Plaintiff's position**: The only compromise for Plaintiff would be for the Court to allow Plaintiff additional time to disclose experts to allow for additional time to take the subject deposition.

*ECF No. 70 at pp. 4-5*

  The parties do not explain why they did not submit a stipulation to extend discovery instead of filing the instant discovery dispute Stipulation (ECF No. 70).  Thus, it appears this issue should have been resolved without the Court's intervention and consumption of judicial resources.

  As to the parties' inability to schedule the deposition, defense counsel argues that he requested plaintiff's counsel to reset the May 7, 2025, noticed deposition of Heding's Rule 30(b)(6) designee as a professional courtesy and suggests that plaintiff's counsel failed to adhere to The Eighth Judicial District Court's Administrative Order 22-08 to elevate deposition practice and promote civility. *ECF No. 70 a 3*. The Court notes that the State Bar of Nevada similarly adopted a *Creed of Professionalism and Civility* which, among other things, encourages counsel to "consult other counsel regarding scheduling matters in a good-faith effort to avoid scheduling conflicts."  *See* https://nvbar.org/for-lawyers/ethics-discipline/creed-of-professionalism-and-civility/. Plaintiff's counsel argues that the deposition has previously been set eight (8) times and offers her own scheduling conflicts as well as the current deadlines as limiting options to reschedule.  *Id. at p.3*.  Defense counsel does not dispute that the deposition has been reset 8 times but argues that the deposition has only been reset once after January 2025.  *Id.*

  Resolution of the merits of the parties' "he said, she said" conundrum is not necessary to resolve the scheduling of the deposition at issue.  That said, the Court does make the following observations.  Counsels' obligation and commitment to civility and professionalism runs both ways.  Counsel also have

an obligation to diligently and timely complete discovery, and repeated continuances of depositions generally thwarts those objectives.

Finally, the Court reminds counsel that meeting and conferring requires a meaningful and sincere effort, openness, listening to each other, and <u>compromise</u>. The parties' Stipulation (ECF No. 70) suggest counsel fell short of these requirements. Counsel has been warned on prior occasions about failing to meet and confer or complying with the Court's discovery dispute resolution process. *See ECF Nos. 33, 44, 50, 52*.

This order shall serve as the last warning. Future violations will result in sanctions or awarding fees under Rule 16(f) and/or Rule 37.

In conclusion, defendant Heding shall produce its Rule 30(b)(6) Designee/s for deposition by June 22, 2025. The Court will also consider a stipulation from the parties requesting an extension of time for plaintiff to disclose experts.

### III.   CONCLUSION and ORDER

For the foregoing reasons, **IT IS ORDERED** the *Stipulations Regarding Discovery Dispute* (ECF Nos. 69, 70) are granted in part and denied in part as follows:

1)   As to the parties Discovery Stipulation (ECF No. 69), plaintiff's objection to Zoran Maric, MD is **OVERRULED**; and

2)   As to the parties Discovery Stipulation (ECF No. 70), defendant Heding shall produce its Rule 30(b)(6) Designee/s for deposition by **June 22, 2025**.

IT IS SO ORDERED.

Dated:  May 22, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge